HARRIS, Judge.
The jury found McKee guilty of extortion when he threatened to destroy Turner if Turner contacted Mrs. McKee concerning a relationship between McKee and Mrs. Turner.
*1011 Section 836.05, Florida Statutes (1997), makes criminal, in so far as this case is concerned, the following conduct:
Whoever, either verbally or by written or printed communication ... maliciously threatens an injury to the person, property or reputation of another ... with the intent to compel the person so threatened ... to do any act or refrain from doing any act against his or her will ... shall be guilty of a felony of the second degree....
Turner and his wife were having marital difficulties. Because he believed his wife might be having an affair, Turner employed a private investigator who video recorded a romantic encounter between Mrs. Turner and McKee. Turner informed McKee’s wife of this discovery and although McKee assured his wife that he only had a friendly relationship with Mrs. Turner, the McKee relationship also became strained. At some point, Turner called the McKee home and asked to speak to Mrs. McKee; when McKee refused to permit him to speak to Mrs. McKee, Turner requested her work telephone number. McKee refused to give Turner the number and stated “if you call my wife, I’ll destroy you. I’ll destroy you and I’ll destroy your business.”
Subsequently McKee sent the following fax to Turner’s place of business:
It is suggested that you immediately seek psychiatric treatment that includes proper medication. Of course, that would mean you would have to cease the other drugs. I wonder what the companies that you do business with would think about a company whose owner is a druggie. Especially the companies that are tied with the federal government. I am certain that the Office of Federal Contract Compliance Programs (OFCCP) would be real concerned about Westinghouse. I have some high connections in the federal government.[1]
You want to play? Lets (sic) play!
I will monitor to see, if calls are made to my house by you! This is my last warning to you. (Emphasis in original.)
The jury found that' the fax, coupled with the telephone statement that if Turner called Mrs. McKee, McKee would destroy him and his business, was sufficient to constitute extortion under the statute. We agree. The record reflects that after Turner’s initial call, Mrs McKee and her father placed calls to Turner for additional information. She thus invited further discussion with Turner. Although it may be unseemly for one to call another man’s wife, even if they are estranged, the simple fact is that Turner had the right to call whomever he pleased.[2] And McKee has no “king of the castle” right to prevent his wife from receiving such calls as she might wish to receive.
The conduct of Turner and McKee seems high-sehoolish at best. Perhaps detention might have been more appropriate than prosecution.[3] But there is no “peccadillo” defense to extortion and judges simply do not make filing decisions. The Office of the State Attorney elected to treat this domestic conflict as a serious matter. It is this type conflict that often evolves into more serious action. We do not fault the filing decision in this case. Once filed, neither the trial judge nor the jury had much of an option. McKee’s conduct was clearly extortion under the statute. ,
AFFIRMED.
DAUKSCH. J., concurs specially in result only.
GRIFFIN, C.J., dissents, without opinion.

. The record reflects that this was not McKee’s only claim of friends in high places. He was a member of the Ninth Circuit Judicial Nominating Committee and informed Turner that he was a friend of the judge handling Turner’s divorce and that the judge would be hard on him. On motion, that judge recused himself from the divorce action.

. McKee seems to be the least entitled to challenge this statement.

. The trial court appropriately recognized the relationships involved herein and the emotions that caused this encounter by mitigating the sentence by withholding adjudication and assessing only a fine with probation.